## No. 11,413.

### L. E. DUVALL AND WIFE VS. HENRY RODER.

The property was owned jointly by the husband and the wife.

The latter held under a *dation en paiement* made to her by her husband in satisfaction of her paraphernal rights.

The attack upon the title on the ground that it was a donation in disguise was without foundation in fact.

The consideration is proved, and shows that the declarations of the wife that she was the husband's creditor are true.

The forced heir of the husband under no contingency would have the right to annul the title placed on record in good faith and supported by ample testimony.

APPEAL from the Civil District Court, Parish of Orleans. *Rightor, J.*

---

*Merrick & Merrick* Attorneys for Plaintiffs and Appellees:

Where both husband and wife join in tendering title to a piece of real estate, a portion of which had previously been conveyed to the wife by the husband as an alleged *dation en paiement*, it is no defence for one who buys and declines the title to say that such *dation en paiement* by the husband to the wife was a disguised donation.

When the husband and two corroborating witnesses and corroborating documents show a *dation en paiement* to be genuine and *bona fide*, the defendant, who offers no evidence, can not refuse the title.

In cases where the defence is frivolous the appeal will be considered frivolous and ten per cent. damages awarded.

If there had been a donation the sale to defendant would revoke it. "All donations made between married persons during marriage, though termed *inter vivos*, shall always be revocable."

"The revocation may be made by the wife without being authorized to that effect by her husband or by a court of justice." C. C., Art. 1749 (1742).

It is incredible that the legal title should be in two persons—one or both—and that an imaginary doubt of which by some one should make the property inalienable and place it out of commerce. Simplicity of title has, on the contrary, been an object of our code.

———

*Henry P. Dart* Attorney for Defendant and Appellant:

A purchaser is not bound to take a title tendered by a married woman, where the source of her title is a *dation en paiement* from her husband, unless she accompanies the tender with proof of the reality of the indebtedness, extinguished by the dation. 38 An. 813, 814; 35 An. 570-572.

This proof can only be administered judicially.

The costs and. expenses of so doing should fall on the plaintiff, because it is her duty to tender a complete written title, and the judgment, if favorable, is the completion of such title in her. C. C. 2466.

Until she does so, her title is afloat, and the facts necessary to anchor it must be established, so that thereafter there may be some fixed and permanent record.

By necessity the court must be the depositary of such record, and its judgment the evidence thereof.

This proof of indebtedness can not be made by the husband only; his testimony adds nothing to the authentic declaration in the act of dation, which, of itself, is of no protection to the purchaser, who is liable to attack by the heirs of the transferror, or his creditors. The proof should be such as is required to estab-

lish any contract over five hundred dollars in amount. 38 An. 813-814.

If the proof does not maintain the allegation of indebtedness, the act of *dation en paiement* becomes merely a donation *inter vivos*, and a donation can not convey such an absolute, indefeasible title as can be forced on a purchaser, unless the donor is dead, and the status of his estate, as to debt and heirship, fixed. The title is dangerous so long as he lives. Carroll vs. Cockerham, 38 An. 813-814.

The husband and wife sign the act of tender and join in the suit to enforce; that is, nevertheless, no protection to the purchaser, where it appears that the dation is of a moiety only of the property, the husband holding title to the other, so that both are necessary parties to act and suit to convey the moiety which each holds. If anything, their joinder is but a reiteration of the undivided ownership established by the dation. It can not be construed as a sale by the husband of the whole, for the act of dation stands until revoked or rescinded, good as a donation, if unmaintained by proof of the reality of the consideration. 38 An. 819-820.

The rule that a purchaser can not be forced to take a title about which a lawsuit may hereafter arise, or which is involved in question or doubt, is a liberal rule, which requires the court to examine the question in all its aspects, and practically to decide whether there is any real danger to the purchaser, even if eventually a suit should be brought by interested parties who are not now before the court. James vs. Meyer, 41 An. 1100; Hero vs. Block, 44 An. 1032.

In suits like these the purchaser who acquiesces in the decision of the lower court saves nothing; it avails not even to force a purchaser under him. He must at his peril obtain the opinion of the court of last resort.

For so doing he should never be mulcted in damages. Such an appeal is not frivolous. James vs. Meyer, 41 An. 1102.

---

The opinion of the court was delivered by

BREAUX, J. The plaintiffs sued the defendant to compel him to accept title to a house and lot described in their petition.

The title tendered is in the name of L. E. Duvall and wife. The property had been sold to L. E. Duvall in the year 1890 for the sum of three thousand three hundred dollars.

The wife acquired her half in indivision by *dation en paiement* from her husband on the 18th day of August, 1892, at a value of two thousand dollars.

In reference to the wife's half, the defendant argues that he could not safely accept the wife's title without proof of a real consideration moving the giving in paymert by her husband; that the act is only a *prima facie* title and no more protection than would be a donation *inter vivos* between the same parties.

That if the dation was in reality without consideration or a disguised donation, there, could in a proper contingency be an attack upon the title by forced heirs.

The judge of the District Court rejected that defence and pronounced judgment in favor of the plaintiffs, from which the defendant appeals.

The record contains ample testimony, showing that L. E. Duvall, one of the plaintiffs, was indebted to Mrs. Duvall, his wife, for property brought him in marriage.

It was in satisfaction of that debt that the transfer was made.

Witnesses established that she had brought a larger amount in marriage than the sum at which the property was valued, and for which she had become the owner.

The total consists of different items, in regard to which there is some difference among the witnesses as to the respective amounts.

Adding the minimum amounts established by each witness as sums for which the husband was responsible to his wife, the total is more than sufficient to prove the complete reality of the consideration.

Moreover, the wife was in possession under a title placed of record some time prior to the sale to the defendant.

It operates as a notice that she was the owner in the absolute enjoyment of the property as owner; that she had, under a permissive article of the Civil Code, chosen to accept in complete satisfaction of the claims stated in the deed as due her by her husband.

We are not inclined to enlarge the principles held in the case of Tessier vs. Reussel, 41 An. 474, regarding donation *inter vivos*. If not kept within reasonable limits it would have the effect of placing

52

property out of commerce in every case in which a discussion can be raised regarding the sufficiency of the consideration of a *dation en paiement.*

All considerations in law and morals unite to the conclusion that a married woman should be held bound by her declarations in an authentic deed that she was a creditor of her husband for the price of the property transferred.

Her forced heirs would not be in a better position, to have an act annulled, passed in the utmost good faith, with every appearance of fairness and valid consideration, amply supported by the testimony of the witnesses.

The appellees, in their answer to the appeal, pray for ten per cent. damages for frivolous appeal.

The defendant's grounds of defence were not, by any means, devoid of all merit.

He sought to acquire a title translative of property, free from all claims in every possible contingency. The facts were such that it was entirely reasonable to seek the decision of the court of last resort in order to place at rest all possible discussion about the title.

The defendant urges that plaintiffs must stand the expense of making a perfect title, and that such expense covers the costs of this suit they should be condemned to pay.

We deem it sufficient answer to say that costs are due him who recovers judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.